RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4516-15T1

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

 Plaintiff-Respondent,

v.

F.D.,

 Defendant-Appellant.
___________________________________________________

IN THE MATTER OF THE
GUARDIANSHIP OF D.D.
and F.D.,

 Minors.
___________________________________________________

 Submitted May 31, 2017 – Decided June 28, 2017

 Before Judges Messano and Suter.

 On appeal from the Superior Court of New
 Jersey, Chancery Division, Family Part, Hudson
 County, Docket No. FG-09-118-13.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Jennifer M. Kurtz, Designated
 Counsel, on the brief).

 Christopher S. Porrino, Attorney General,
 attorney for respondent (Andrea M. Silkowitz,
 Assistant Attorney General, of counsel; Lauren
 J. Oliverio, Deputy Attorney General, on the
 brief).

 Joseph E. Krakora, Public Defender, Law
 Guardian for minors (Sean Lardner, Designated
 Counsel, on the brief).

PER CURIAM

 In our prior opinion, we affirmed termination of the parental

rights of defendant, F.D. (Felicia), to three of her children, and

reversed the trial court's denial of a motion for reconsideration

filed by the Division of Child Protection and Permanency (the

Division), following dismissal of the Division's guardianship

complaint as to defendant's two other children, F.D. (Fay) and

D.D. (Doris).1 N.J. Div. of Child Prot. & Permanency v. H.R.,

Nos. A-4991-13, A-4992-13, A-2104-14 (App. Div. Jan. 4, 2016)

(slip op. at 2-3). In doing so, we affirmed the judge's findings

and conclusions with respect to the first three prongs of the

statutory best-interests-of-the-child test, N.J.S.A. 30:4C-

15.1(a)(1)-(3), as to all five children. Id. at 18-23. The judge

also concluded the Division met its burden of proof on the fourth

prong as to Felicia's three other children, but, as to Fay and

Doris, the judge concluded the Division failed to carry its burden

1
 We use initials and pseudonyms to protect the privacy of those
involved.

 2 A-4516-15T1
of proof, given the lack of a specific, then-available adoptive

home for the girls. Id. at 24.

 We concluded the judge should have granted the Division's

motion for reconsideration based upon new evidence. Specifically,

the girls' foster mother, with whom they were placed near the end

of the guardianship trial, now wished to adopt them. Id. at 27.

We remanded "for a hearing as to whether '[t]ermination of parental

rights will not do more harm than good.'" Id. at 28-29 (citing

N.J.S.A. 30:4C-15.1(a)(4)).2 We did not retain jurisdiction. Id.

at 29.

 The trial judge conducted the remand hearing and considered

the testimony of the Division's caseworker, Kerry Farrell, its

psychological expert, Dr. Frank Dyer, who also testified at the

guardianship trial, and T.L. (Tara), Fay's and Doris's putative

adoptive parent.

 Tara expressed her desire to adopt the girls, and her

willingness to permit their continued contact with Felicia and

their other siblings. Farrell detailed the history of the girls'

placements, noted they had been with Tara now for approximately

twenty-six months, and were doing very well. She reiterated Tara's

desire to adopt Fay and Doris, and the girls' desire to be adopted.

2
 H.R., the father of all five children, died during the remand
proceedings.

 3 A-4516-15T1
Dr. Dyer testified regarding the psychological evaluation of

Felicia and the bonding evaluations he conducted after the

guardianship trial and prior to the remand hearing.

 In her comprehensive oral opinion, the judge reviewed the

testimony and found Tara and Farrell to be credible witnesses.

She considered Dr. Dyer's most recent evaluations and accepted his

opinion that Felicia remained unable to parent the children and

"her inability [was] not at all likely to change in the foreseeable

future." The judge also found that both Fay and Doris lacked any

strong attachment to their mother, and the girls had formed a

strong attachment to Tara.

 The judge also concluded that severing the girls'

relationship with Felicia might cause some harm, but not any

"serious loss or psychological harm," and any harm could be

mitigated by the strong relationship Fay and Doris had formed with

Tara. The judge found by clear and convincing evidence that

terminating Felicia's parental rights "would not do more harm than

good." She entered a conforming order, and this appeal followed.

 Before us, Felicia argues the Division failed to prove that

termination of her parental rights to Fay and Doris would not do

more harm than good, and the Division failed to provide adequate

services to support reunification. See N.J.S.A. 30:4C-15.1(a)(3)

(requiring the Division to make "reasonable efforts to provide

 4 A-4516-15T1
services to help the parent correct the circumstances which led

to the child's placement outside the home"). The Division urges

us to affirm, arguing the judge properly limited the remand hearing

to consideration of prong four, and the Division's proofs were

clear and convincing. Similarly, the children's Law Guardian

supports affirmance of the termination order.

 Having considered these arguments in light of the record and

applicable legal principles, we affirm. The judge's factual

findings are adequately supported by the evidence adduced at the

remand hearing. R. 2:11-3(e)(1)(A). Additionally, the judge's

legal conclusions were appropriate and wholly supported by the

record evidence. See, e.g., N.J. Div. of Youth & Family Servs.

v. L.L., 201 N.J. 210, 227 (2010) (holding the judge's legal

conclusions should not be disturbed unless they are "clearly

mistaken or wide of the mark[,]" and require our intervention "to

ensure the fairness of the proceeding" (alteration in original)

(quoting N.J. Div. of Youth and Family Servs. v. E.P., 196 N.J.

88, 104 (2008))).

 Affirmed.

 5 A-4516-15T1